UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:16cr98 (JBA) |
| *v.* | March 10, 2021 |
| Barrett Ricketts | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Barrett Ricketts moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his family's financial concerns and his serious medical conditions, both aggravated by the COVID-19 pandemic, constitute extraordinary and compelling reasons warranting release. (Def.'s Mot. for Compassionate Release [Doc. # 56]; Def.'s Mem. in Supp. of Mot. for Compassionate Release [Doc. # 57] at 1.) The Government opposes. ([Doc. # 62].) For the reasons that follow, Defendant's motion is DENIED.

## I. Background

Defendant Barrett Ricketts was convicted by his guilty plea of possession with intent to distribute heroin and cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(a)(1)(A)(i) and 924(c)(2), and sentenced to 78 months imprisonment followed by three years of supervised release. (J. [Doc. # 49] at 1; *see also* Amend. J. [Doc. # 54].) He brought this motion for release on October 20, 2020 after exhausting his administrative remedies with the Bureau of Prisons (BOP) on October 1, 2020 when the Warden denied his request for release. (Def.'s Mot. at 2.)

Mr. Ricketts is currently being held at Canaan USP and is scheduled to be released from BOP custody on November 17, 2022. FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Mar. 10, 2021). As of March 10, 2021, six Canaan USP inmates and five staff members were actively positive, and 301 inmates and 64 staff members had recovered with no deaths reported at the facility. *COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Mar. 10, 2021).

Mr. Ricketts reports he has already contracted and recovered from COVID-19, testing positive on November 30, 2020 and experiencing mild symptoms including a slight fever of 100.2 degrees, chest pains and headaches, achiness, and some shortness of breath. (Def.'s Second Reply in Supp. of Def.'s Mot. for Compassionate Release [Doc. # 66] at 1.) While he is considered recovered, no longer currently contagious and feels "pretty good," he maintains

that his obesity places him at high risk of severe illness if he were to contract the virus a second time.[1] (*Id.* at 2.)

## II.    Discussion

The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic, its spread from person to person, especially between those who are in close contact with one another, and the increased risk of severe illness and death associated with obesity. *How COVID-19 Spreads*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fprepare%2Ftransmission.html (last updated Oct. 28, 2020); *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021). However, Mr. Ricketts has already contracted and recovered from COVID-19 and does not claim to continue to experience any negative effects. There is nothing to indicate that his prior bout with the illness increases his risk of reinfection or of severe illness, and with fellow inmates now being vaccinated, his risk of reinfection is diminishing. *Key Things to Know About COVID-19 Vaccines*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Mar. 8, 2021) ("Early data show the vaccines do help keep people with no symptoms from spreading COVID-19."). Thus, his medical needs, even in light of the pandemic, are not shown to constitute extraordinary and compelling reasons for his release.

Mr. Ricketts also argues that his son's struggles with virtual schooling and the increased financial needs of his son's mother warrant his release so he can provide assistance. (Def.'s Second Reply at 6-7.) The need to care for an immediate family member who has been incapacitated, *United States v. Wooten*, No. 3:13-CR-18 (SRU), 2020 WL 6119321, at *7 (D. Conn. Oct. 16, 2020), or to care for a child upon the death or incapacitation of the child's caretaker, *see* U.S.S.G. 1B1.13 cmt. n.1(C)(ii),[2] may constitute extraordinary and compelling reasons for release. However, the increased financial and educational support

---

[1] The BOP reports that 339 of Canaan's 1,211 inmates have been fully inoculated against the virus, although there has been no briefing as to Defendant's specific access to the vaccine. *COVID-19*, FEDERAL BUREAU OF PRISONS; *USP Canaan,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/caa/index.jsp (last accessed Mar. 10, 2021).

[2] While the Second Circuit's *Brooker* decision held that district courts are not bound by the interpretation of "extraordinary and compelling" described by this Application Note, the Note continues to function as a baseline for what could qualify as extraordinary and compelling reasons for release. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also United States v. Miller*, No. 3:19-CR-123-13 (JAM), 2020 WL 6817030, at *3 (D. Conn. Nov. 20, 2020)

needs of a child who is otherwise cared for by his other parent do not present extraordinary and compelling circumstances as contemplated by § 3582(c)(1)(A). *See Miller*, 2020 WL 6817030, at *3 ("While [Defendant's] fiancée certainly faces serious challenges in balancing searching for work and caring for the children, these challenges are similar to those many parents face during the COVID-19 pandemic and []to the challenges faced by any inmate with young children whose partner must work.") Absent extraordinary and compelling reasons warranting release, Mr. Rickett's motion for compassionate release fails.

### III.     Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. ## 56, 57] is DENIED at this time.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of March 2021.